**BROWN KWON & LAM, LLP**
Clara Lam, Esq. (CL6399)
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5828
Fax: (718) 795-1642
clam@bkllawyers.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **LAI KUAN NG,** *on behalf of herself and others similarly situated*, | |
| **Plaintiff,** | **Case No: 2:22-cv-1780** |
| - against - | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| **KIRAKU GLEN HEAD INC. d/b/a KIRAKU, JIN HANG ZHENG, and MENG JIN LIN,** | |
| **Defendants.** | |

Plaintiff LAI KUAN NG ("Plaintiff"), individually and on behalf of all others similarly situated, upon personal knowledge as to herself, and upon information and belief as to other matters, by and through her undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, KIRAKU GLEN HEAD INC. d/b/a KIRAKU (the "Corporate Defendant"), and JIN HANG ZHENG and MENG JIN LIN (the "Individual Defendants," and together with Corporate Defendant, the "Defendants") and alleges as follows:

**<u>INTRODUCTION</u>**

1.    Plaintiff brings this action on behalf of herself and similarly situated workers who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), seeking from

Defendants: (1) unpaid minimum wages due to invalid tip credit, (2) unpaid overtime wages due to invalid tip credit, (3) unpaid wages due to time-shaving, (4) liquidated damages, and (5) attorneys' fees and costs.

2.      Plaintiff also brings this action on behalf of herself and similarly situated workers pursuant to the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, the supporting New York State Department of Labor Regulations, and the Federal Rule of Civil Procedure 23 ("Rule 23"), seeking from Defendants: (1) unpaid minimum wage due to invalid tip credit, (2) unpaid overtime wages due to invalid tip credit, (3) unpaid wages due to time-shaving, (4) unpaid spread-of-hours premium, (5) statutory penalties, (6) liquidated damages for unpaid wages, and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

4.      This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.      This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

### *Plaintiff*

#### *LAI KUAN NG*

7.      Plaintiff is an adult who resides in Queens County, New York.

8.      Plaintiff was a covered employee within the meaning of the FLSA and NYLL.

9.      Plaintiff retained Brown Kwon & Lam, LLP to represent Plaintiff in this action and have agreed to pay the firm a reasonable fee for its services.

### *Defendants*

10.      At all relevant times, Defendants owned and operated a Japanese-cuisine restaurant under the tradename of Kiraku, located at 127 Glen Head Road, Glen Head, NY 11545.

11.      At all relevant times, Defendants jointly employed Plaintiff and similarly situated employees.

12.      At all relevant times, each Defendant had substantial control over Plaintiff's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

13.      At all relevant times, Defendants were and continue to be employers within the meaning of the FLSA and NYLL.

#### *KIRAKU GLEN HEAD INC.*

14.      Corporate Defendant KIRAKU GLEN HEAD INC. is a domestic business corporation organized under the laws of the State of New York with a principal place of business and an address for service of process located at c/o Kiraku, 127 Glen Head Road, Glen Head, NY 11545. Defendants operate Kiraku through Corporate Defendant KIRAKU GLEN HEAD INC.

15.      At all relevant times, KIRAKU GLEN HEAD INC. has done business as Kiraku.

16.     At all relevant times, KIRAKU GLEN HEAD INC. had an annual dollar volume of sales in excess of $500,000.

17.     KIRAKU GLEN HEAD INC. is a covered employer within the meaning of the FLSA and NYLL, and, at all relevant times, has employed Plaintiff and similarly situated employees.

18.     At all relevant times, KIRAKU GLEN HEAD INC. has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

19.     KIRAKU GLEN HEAD INC. applies the same employment policies, practices and procedures to all non-exempt tipped employees at Kiraku.

20.     KIRAKU GLEN HEAD INC. is listed as the payor on pay stubs received by employees of Kiraku.

*JIN HANG ZHENG*

21.     At all relevant times, Individual Defendant JIN HANG ZHENG has been an owner and operator of Kiraku.

22.     At all relevant times, JIN HANG ZHENG has been a principal of the Corporate Defendant.

23.     At all relevant times, JIN HANG ZHENG has had the power to (i) fire and hire employees, (ii) set their work schedules, (iii) determine their rate and method of pay, and (iv) otherwise control the terms and conditions of their employment at Kiraku.

24.     At all relevant times, JIN HANG ZHENG has had the power to hire, fire, supervise, and control the employment terms and conditions of the managers and/or supervisors of Plaintiff and similarly situated employees at Kiraku.

25.     At all relevant times, JIN HANG ZHENG has had the power to maintain employment records, including time and/or wage records of employees at Kiraku.

26.     At all relevant times, JIN HANG ZHENG has been actively involved in managing the day to day operations of Kiraku.

27.     At all relevant times, JIN HANG ZHENG has had authority over personnel or payroll decisions and employment policies, practices and procedures at Kiraku. In fact, JIN HANG ZHENG terminated Plaintiff's employment at Kiraku.

28.     At all relevant times, JIN HANG ZHENG has had the power to prevent or stop any unlawful pay practices that harmed Plaintiff and similarly situated employees.

29.     JIN HANG ZHENG is a covered employer within the meaning of the FLSA and NYLL, and, at all relevant times, has employed Plaintiff and similarly situated employees.

***MENG JIN LIN***

30.     At all relevant times, Individual Defendant MENG JIN LIN has been an owner and operator of Kiraku.

31.     At all relevant times, MENG JIN LIN has been a principal of the Corporate Defendant.

32.     At all relevant times, MENG JIN LIN has had the power to (i) fire and hire employees, (ii) set their work schedules, (iii) determine their rate and method of pay, and (iv) otherwise control the terms and conditions of their employment at Kiraku.

33.     At all relevant times, MENG JIN LIN has had the power to hire, fire, supervise, and control the employment terms and conditions of the managers and/or supervisors of Plaintiff and similarly situated employees at Kiraku.

34.     At all relevant times, MENG JIN LIN has had the power to maintain employment records, including time and/or wage records of employees at Kiraku.

35.     At all relevant times, MENG JIN LIN has been actively involved in managing the day to day operations of Kiraku.

36.     At all relevant times, MENG JIN LIN has had authority over personnel or payroll decisions and employment policies, practices and procedures at Kiraku.

37.     At all relevant times, MENG JIN LIN has had the power to prevent or stop any unlawful pay practices that harmed Plaintiff and similarly situated employees.

38.     MENG JIN LIN is a covered employer within the meaning of the FLSA and NYLL, and, at all relevant times, has employed Plaintiff and similarly situated employees.

## FLSA COLLECTIVE ACTION ALLEGATIONS

39.     Plaintiff brings the First Cause of Action, the FLSA claims, on behalf of herself and all similarly situated current and former non-exempt employees employed as tipped employees (servers, runners and bussers) at Kiraku owned, operated, and/or controlled by Defendants, from the date that is six (6) years prior to the filing of this Class and Collective Action Complaint until the date of final judgment in this matter, and who elect to opt-in to this action ("FLSA Collective Members").

40.     At all relevant times, Plaintiff and FLSA Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' common policies, practices, procedures and patterns with regards to their compensation, including their willful and repeated failure to pay Plaintiff and FLSA Collective Members the full minimum wage for all hours worked up to forty (40) per workweek,

and overtime wages for all hours worked in excess of forty (40) per workweek. Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Members.

41.     All of the work that Plaintiff and FLSA Collective Members have performed have been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and FLSA Collective Members have performed.

42.     Defendants are aware or should have been aware that federal law required them to pay employees minimum wage and overtime wages for all of the hours they work.

43.     For purposes of notice and other purposes related to this collective action, the names and contact information of FLSA Collective Members are readily available from Defendants' records.

## NEW YORK CLASS ACTION ALLEGATIONS

44.     Plaintiff brings the Second Cause of Action, the NYLL claims, pursuant to Rule 23, on behalf of herself and a class of persons consisting of all current and former non-exempt employees employed as tipped employees (servers, runners and bussers) at Kiraku owned, operated, and/or controlled by Defendants, from the date that is six (6) years prior to the filing of this Class and Collective Action Complaint until the date of final judgment in this matter (the "Class" or "Class Members").

45.     Excluded from the Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

46.     Plaintiff is a member of the Class.

47.     The members of the Class are readily ascertainable. The number and identity of the Class Members are determinable from Defendants' payroll and personnel records. The hours assigned and worked, the positions held, and the rates of pay for each Class Member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this class action, their names and contact information are readily available from Defendants' records. Notice can be provided by means permissible under Rule 23.

48.     The potential number of Class Members is so numerous that joinder of all members is impracticable, and the disposition of their claims through this class action will benefit both the parties and the Court. Although the precise number of Class Members is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

49.     Plaintiff's claims are typical of those claims which could be alleged by any Class Member, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.

50.     Plaintiff and Class Members were subject to the same practices of Defendants, as alleged herein, of (i) failing to pay minimum wage due to invalid tip credit, (ii) failing to pay overtime wages due to invalid tip credit, (iii) unpaid wages due to time-shaving of employees' hours worked, (iv) failing to properly pay spread-of-hours premium, (v) failing to provide proper wage notices, and (vi) failing to provide proper wage statements, in violation of the NYLL.

51.     Plaintiff and Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices and patterns of conduct. Defendants' corporate-wide policies and practices affected all Class Members

similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

52.     Plaintiff and Class Members have all sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures under the NYLL.

53.     Plaintiff is able and willing to fairly and adequately protect the interests of Class Members and have no interests antagonistic to Class Members.

54.     Plaintiff is represented by attorneys who are competent, skilled, and experienced in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

55.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each individual Class Member are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for each Class Member to redress the wrongs done to them.

56.     On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of judicial and public resources; however, treating the claims as a class action would

result in a significant saving of these costs. If appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

57.     The prosecution of separate actions by individual Class Members would create a risk of inconsistent and/or varying adjudications with respect to each Class Member, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof.

58.     Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

59.     Common questions of law and fact exist as to Class Members that predominate over any questions only affecting Plaintiff and individual Class Members and include, but are not limited to, the following:

a.   Whether Defendants employed Plaintiff and Class Members within the meaning of the NYLL;

b.   Whether Defendants paid Plaintiff and Class Members at the lawful minimum wage rate;

c.   Whether Defendants took the proper amount of tip credit allowance from Plaintiff and Class under the NYLL;

d.   Whether Defendants provided proper notice to Plaintiff and Class Members that Defendants were taking a tip credit;

e.   Whether Defendants provided proper wage statements informing Plaintiff and Class Members of the amount of tip credit taken for each pay period and other information required to be provided on wage statements;

f. Whether Defendants kept weekly records of the amount of tip credit allowance claimed from Plaintiff and Class Members;

g. Whether Defendants kept accurate records of the amounts of tips earned by Plaintiff and Class Members;

h. Whether Defendants paid Plaintiff and Class Members the full and proper wages for all hours worked due to time-shaving of employees' hours worked;

i. Whether Defendants paid Plaintiff and Class Members their proper overtime premium;

j. Whether Defendants paid Plaintiff and Class Members the spread-of-hours premium, as required by the NYLL;

k. Whether Defendants failed to furnish Plaintiff and Class Members with proper wage notices, as required by the NYLL; and

l. Whether Defendants failed to furnish Plaintiff and Class Members with proper wage statements with every payment of wages, as required by the NYLL.

## **STATEMENT OF FACTS**

60. Plaintiff was employed by Defendants as a server at "Kiraku" located at 127 Glen Head Road, Glen Head, NY 11545 from in or around 2008 through on or about March 15, 2020. Plaintiff was rehired by Defendants as a server from in or around May 2021 until on or about October 20, 2021.

61. From in or around March 2016 through on or about March 15, 2020, Plaintiff regularly worked four (4) days per week, from 11:00am to 3:00pm and from 4:30pm to 9:30pm, and one (1) day per week, from 5:00pm to 9:30pm, for a total of approximately forty-and-a-half (40.5) hours per week. At all relevant times, Plaintiff worked with a scheduled break between 3:00pm and 4:30pm on days when Plaintiff worked a full day. Based on Plaintiff's observations and conversations with her co-workers at Kiraku, Plaintiff, FLSA Collective Plaintiffs and Class Members worked similar schedules. Plaintiff, FLSA Collective Plaintiffs and Class Members also worked similar schedules as Defendants provided a pick-up car service to pick-up and drop-off most employees.

62.     From in or around May 2021 through August 2021, Plaintiff regularly worked three (3) days per week, from 12:00pm to 9:00pm, and one (1) day per week, from 5:00pm to 9:00pm, for a total of approximately twenty-eight (28) hours per week. At all relevant times, Plaintiff worked with a scheduled break between 3:00pm and 4:00pm on days when Plaintiff worked a full day. Based on Plaintiff's observations and conversations with her co-workers at Kiraku, Plaintiff, FLSA Collective Plaintiffs and Class Members worked similar schedules.

63.     From in or around September 2021 through on or about October 20, 2021, Plaintiff regularly worked four (4) days per week, from 12:00pm to 9:00pm, for a total of approximately thirty-two (32) hours per week. At all relevant times, Plaintiff worked with a scheduled break between 3:00pm and 4:00pm on days when Plaintiff worked a full day. Based on Plaintiff's observations and conversations with her co-workers at Kiraku, Plaintiff, FLSA Collective Plaintiffs and Class Members worked similar schedules.

64.     At all relevant times prior to March 15, 2020, Plaintiff, FLSA Collective Plaintiffs and Class Members regularly worked over forty (40) hours per week.

65.     From in or around 2016, Defendants paid Plaintiff at the tip credit minimum wage rate of $7.50 per hour for all hours worked up to forty (40) hours per week, and at an unknown overtime rate for all hours worked in excess of forty (40) hours per week. From in or around 2019, Defendants paid Plaintiff at the tip credit minimum wage rate of $8.00 per hour for all hours worked up to forty (40) hours per week, and at an unknown overtime rate for all hours worked in excess of forty (40) hours per week. Throughout this time, Plaintiff, FLSA Collective Plaintiffs and Class Members were not informed of their wage rates, however, based on sample wage statements, the derived hourly regular rates were that of the prevailing tip credit minimum wage rate for all hours worked up to forty (40) hours per week. Based on Plaintiff's observations and

conversations with her co-workers at Kiraku, Plaintiff, FLSA Collective Members and Class Members were similarly paid on an hourly basis at the reduced tip credit minimum wage rate, for up to only forty (40) hours per week, and at an unknown rate for overtime hours worked. At all relevant times, Plaintiff, FLSA Collective Plaintiffs and Class Members were not properly informed of their wage rates.

66.     From in or around 2021, Defendants paid Plaintiff at the tip credit minimum wage rate of approximately $9.00 to $10.00 per hour for all hours worked up to forty (40) hours per week. Plaintiff was not informed of her exact rate of pay. Based on Plaintiff's observations and conversations with her co-workers at Kiraku, Plaintiff, FLSA Collective Members and Class Members were similarly paid on an hourly basis at a reduced tip credit minimum wage rate for all hours worked.

67.     At all relevant times, Defendants had a policy of not paying Plaintiff, FLSA Collective Plaintiffs and Class Members for all hours worked. Specifically, Defendants did not compensate them for approximately fifteen (15) to thirty (30) minutes per workday. At all relevant times, Defendants instituted a timekeeping mechanism on the cashier register. However, the owners and managers were in charge of punching in and out for Plaintiff, FLSA Collective Plaintiffs and Class Members. As such, when Plaintiff, FLSA Collective Plaintiffs and Class Members regularly arrived at work before the restaurant's opening time, since they were picked-up and dropped-off at the restaurant together, Defendants would not clock them in for work until the restaurant opened, even though they would start work immediately upon arrival. Moreover, towards the end of the evening, on a regular basis, Defendants would clock them out by punching them out when the customers dwindled down, but on a regular basis, customers would still be eating in the restaurant and Plaintiff, FLSA Collective Plaintiffs and Class Members worked until

they left. As such, at all relevant times, Plaintiff, FLSA Collective Plaintiffs and Class Members were not compensated for all of their hours worked. During weeks in which they already worked forty (40) hours per week, such unpaid hours worked were unpaid overtime hours worked. At all relevant times, Plaintiff, FLSA Collective Plaintiffs and Class Members were not compensated approximately two (2) hours per workweek.

68.     Throughout her employment with Defendants, Plaintiff was never paid the spread-of-hours premium for workdays that exceeded ten (10) hours per day. Based on Plaintiff's observations and conversations with co-workers at Kiraku, the workdays of Plaintiff and Class Members regularly exceeded ten (10) hours per day. However, Defendants failed to pay Plaintiff and Class Members the spread-of-hours premium.

69.     Throughout her employment with Defendants, Plaintiff did not receive any notices of pay rate or pay day from Defendants, as required under the NYLL. FLSA Collective Plaintiffs and Class Members similarly did not receive proper notices of pay rate from Defendants, as required under the NYLL.

70.     Throughout her employment with Defendants, Plaintiff did not receive proper wage statements from Defendants. Specifically, Plaintiff's wage statements were improper because they failed to accurately reflect her actual number of hours worked, failed to inform her of her rates of pay, failed to inform her of the number of hours worked per week, and failed to include the company's telephone number. In addition, the wage statements failed to state the amount of tip credit deduction for each payment period. At all times, Plaintiff's wage statement stated that he worked forty (40) hours per week. Based on Plaintiff's observations and conversations with co-workers at Kiraku, FLSA Collective Members' and Class Members' wage statements were similarly improper.

71.     Based on Plaintiff's observations and conversations with co-workers at Kiraku, Defendants paid wages to Plaintiff, FLSA Collective Members and Class Members weekly by check with wage statements.

72.     Based on Plaintiff's observations and conversations with co-workers at Kiraku, Defendants failed to pay Plaintiff, FLSA Collective Members and Class Members the lawful minimum wage and overtime due to an invalid tip credit deduction.

73.     Based on Plaintiff's observations and conversations with co-workers at Kiraku, Plaintiff, FLSA Collective Members and Class Members did not receive proper notice that Defendants were claiming a tip credit.

74.     Based on Plaintiff's observations and conversations with co-workers at Kiraku, Plaintiff, FLSA Collective Members and Class Members did not receive notice informing them that the tips they received must be retained by them except for a valid tip pooling arrangement, or that the tip credit taken by Defendants may not exceed the value of tips that they actually received.

75.     Based on Plaintiff's observations and conversations with co-workers at Kiraku, Defendants failed to provide proper wage statements informing Plaintiff, FLSA Collective Members and Class Members of the amount of tip credit taken for each pay period.

76.     Based on Plaintiff's observations and conversations with co-workers at Kiraku, Defendants failed to track daily tips earned by Plaintiff, FLSA Collective Members and Class Members, and failed to keep accurate records thereof.

77.     Based on Plaintiff's observations and conversations with co-workers at Kiraku, Defendants failed to keep accurate record of the actual hours worked by their employees at Kiraku.

78.     Based on Plaintiff's observations and conversations with co-workers at Kiraku, Plaintiff, FLSA Collective Members and Class Members similarly suffered from Defendants' failure to pay full and proper wages for all hours worked.

79.     Based on Plaintiff's observations and conversations with co-workers at Kiraku, Defendants failed to pay the spread of hours premium to Plaintiff and Class Members for hours worked in excess of ten (10) per workday.

80.     Based on Plaintiff's observations and conversations with co-workers at Kiraku, Defendants failed to provide proper wage notices to Plaintiff and Class Members.

81.     Based on Plaintiff's observations and conversations with co-workers at Kiraku, Defendants failed to provide proper wage statements to Plaintiff and Class Members. The wage statements that were provided to Plaintiff and Class Members failed to accurately reflect the employees' actual hours worked and failed to state other required information.

82.     Defendants knowingly and willfully operated their business with a policy of failing to pay the lawful minimum wage to Plaintiff, FLSA Collective Members and Class Members, in violation of the FLSA and NYLL.

83.     Defendants knowingly and willfully operated their business with a policy of failing to pay the lawful overtime wage to Plaintiff, FLSA Collective Members and Class Members, in violation of the FLSA and NYLL.

84.     Defendants knowingly and willfully operated their business with a policy of failing to pay the full and proper wages to Plaintiff, FLSA Collective Members and Class Members for all hours worked, in violation of the FLSA and NYLL.

85.     Defendants knowingly and willfully operated their business with a policy of failing to pay the spread-of-hours premium to Plaintiff and Class Members, in violation of the NYLL.

86. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to Plaintiff and Class Members pursuant to the requirements of the NYLL.

87. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class Members pursuant to the requirements of the NYLL.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

88. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

89. The minimum wage and overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendants and protect Plaintiff and FLSA Collective Members.

90. Defendants failed to pay Plaintiff and FLSA Collective Members the minimum wage for all hours worked up to forty (40) per workweek, and overtime wages for all hours worked in excess of forty (40) per workweek, to which they are entitled under the FLSA.

91. Defendants are not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA because Defendants failed to inform Plaintiff and FLSA Collective Members of the provisions of subsection 203(m) of the FLSA.

92. Defendants failed to pay Plaintiff and FLSA Collective Members wages for all hours worked due to Defendants' time-shaving of employees' hours worked, including overtime hours worked.

93.     Defendants failed to pay Plaintiff and FLSA Collective Members overtime wages for all hours worked.

94.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Members of their rights under the FLSA.

95.     Defendants' unlawful conduct has been willful and intentional. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Members the lawful minimum wage and overtime wages for all hours worked when Defendants knew or should have known such was due. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and FLSA Collective Members.

96.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to the FLSA.

97.     As a result of Defendants' willful violations of the FLSA, Plaintiff and FLSA Collective Members have suffered damages by being denied minimum wage and overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, interests, and other compensation pursuant to the FLSA.

98.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Members and the actual compensation paid to Plaintiff and FLSA Collective Members should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

**COUNT II**

**VIOLATION OF THE NEW YORK LABOR LAW**

99.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

100.    At all times relevant, Plaintiff and the Class have been employees of Defendants, and Defendants have been employers of Plaintiff and the Class within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

101.    Defendants failed to pay Plaintiff and Class Members the minimum wage to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations.

102.    Pursuant to the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, Defendants are required to pay Plaintiff and the Class the full minimum wage at a rate of (a) $7.25 per hour for all hours worked from February 2011 through December 30, 2013; (b) $8.00 per hour for all hours worked from December 31, 2013 through December 30, 2014; (c) $8.75 per hour for all hours worked from December 31, 2014 through December 30, 2015; and (d) $9.00 per hour for all hours worked from December 31, 2015 through December 30, 2016; (e) $10.00 per hour for all hours worked from December 31, 2016 through December 30, 2017; (f) $11.00 per hour for all hours worked from December 31, 2017 through December 30, 2018; (g) $12.00 per hour for all hours worked from December 31, 2018 through December 30, 2019; (h) $13.00 per hour for all hours worked from December 31, 2019 through December 30, 2020; (i) $14.00 per hour for all hours worked from December 31, 2020 through December 30, 2021; and (j) $15.00 per hour for all hours worked from December 31, 2021.

103. Defendants have failed to notify Plaintiff and Class Members of the tip credit in writing as required by the NYLL and the supporting New York State Department of Labor Regulations.

104. Defendants failed to pay Plaintiff and Class Members proper overtime wages to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations.

105. Defendants failed to pay Plaintiff and the Class the full and proper wages for all hours worked due to Defendants' time-shaving of employees' hours worked.

106. Defendants failed to pay Plaintiff and the Class the full and proper wages for all hours worked.

107. Defendants have failed to pay Plaintiff and the Class the spread-of-hours premium for each day that the length of the interval between the beginning and end of their workday was greater than ten (10) hours.

108. Defendants failed to furnish Plaintiff and the Class with proper wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.

109. Defendants failed to furnish Plaintiff and the Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of

work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

110.    Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the Class as required by the NYLL and the supporting New York State Department of Labor Regulations.

111.    Defendants failed to keep, make, preserve, maintain, and furnish accurate records of the amounts of tips earned by Plaintiff and Class Members as required by the NYLL and the supporting New York State Department of Labor Regulations.

112.    Defendants failed to properly disclose or apprise Plaintiff and the Class of their rights under the NYLL and the supporting New York State Department of Labor Regulations.

113.    As a result of Defendants' willful violations of the NYLL, Plaintiff and the Class are entitled to recover from Defendants their unpaid minimum wage, unpaid overtime wages, unpaid wages due to time-shaving of employees' hours worked, unpaid spread-of-hours premium, liquidated damages, statutory damages, reasonable attorneys' fees and costs, interests, and other compensation in accordance with the NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself, FLSA Collective Members and the Class, respectfully requests that this Court grant the following relief:

a. Issuance of court-authorized notice to similarly situated employees regarding the pendency of a collective action pursuant to the FLSA;

b. Certification of this case as a class action pursuant to Rule 23;

c. Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

d. An award of unpaid minimum wage and overtime wages due under the FLSA and NYLL;

e. An award of unpaid wages resulting from Defendants' failure to pay wages for all hours worked, in violation of the FLSA and NYLL;

f. An award of unpaid spread-of-hours premium due under the NYLL;

g. An award of liquidated damages as a result of Defendants' willful failure to pay minimum wage; full and proper wages for all hours worked, including overtime wages; and spread-of-hours premium, pursuant to the FLSA or NYLL;

h. Statutory penalties for Defendants' failure to provide Plaintiff and Class Members with proper wage notices, as required by the NYLL;

i. Statutory penalties for Defendants' failure to provide Plaintiff and Class Members with proper wage statements, as required by the NYLL;

j. Pre-judgment and post-judgment interest;

k. Reasonable attorneys' fees and costs of this action;

l. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

m. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law,

from engaging in each of the unlawful practices, policies and patterns set forth herein; and

n. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:  March 30, 2022     Respectfully submitted,

             **BROWN KWON & LAM, LLP**

       By:  */s/ Clara Lam*

          Clara Lam, Esq. (CL6399)
          521 Fifth Avenue, 17th Floor
          New York, NY 10175
          Tel.: (212) 295-5828
          Fax: (718) 795-1642
          clam@bkllawyers.com
          *Attorneys for Plaintiff*