**BROWN KWON & LAM LLP**

Brown Kwon & Lam LLP
Attorneys at Law
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5828
Fax: (718) 795-1642
Email: info@bkllawyers.com

Writer's Direct: clam@bkllawyers.com
(212) 295-5827

**Via ECF**  August 14, 2023
The Honorable Anne Y. Shields, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    Re: *Ng v. Kiraku Glen Head Inc. d/b/a Kiraku, et al.*
       Case No.: 2:22-cv-1780(AYS)

Dear Judge Shields,

  This firm represents Lai Kuan Ng ("Plaintiff") in the above-referenced matter. We write to respectfully submit the parties' Settlement Agreement, attached hereto as **Exhibit A**, for judicial approval and subsequent dismissal of the matter with prejudice pursuant to *Cheeks*. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). The Settlement Agreement resolves Plaintiff's claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for the total amount of $27,500.00. As part of this motion, Plaintiff's counsel requests one-third (1/3) in attorneys' fees ($8,912.67) plus costs ($762.00) from the total settlement amount. For the reasons outlined below, the Court should approve this $27,500.00 settlement as a fair and reasonable compromise of Plaintiffs' claims against Defendants.

## BACKGROUND

  On March 30, 2022, Plaintiff filed the above-referenced matter as a class and collective action alleging Defendants failed to compensate Plaintiff and other tipped employees at Kiraku their proper wages, including their minimum and overtime wages, in violation of the Fair Labor Standards Act, as amended ("FLSA") and the New York Labor Law ("NYLL"). Defendants answered on June 27, 2022. Pursuant to Your Honor's separate rules and protocols for FLSA cases, the parties were referred to mediation through the Court-annexed mediation program. On February 2, 2023, the parties successfully reached a settlement in principle during the E.D.N.Y. Mediation. Thereafter, the parties were unable to formalize the agreed-upon settlement, and as such, on June 1, 2023, the Court commenced discovery of the herein matter. On June 16, 2023, the Court further So Ordered the parties' submitted briefing schedule for Plaintiff's Motion for Conditional Certification of a Collective Action. On July 12, 2023, Plaintiff served upon Defendants her motion for conditional certification of a collective action. The parties subsequently agreed to the settlement set forth in **Exhibit A**.

# THE SETTLEMENT IS FAIR AND REASONABLE

Pursuant to *Cheeks*, "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court." *Cheeks*, 796 F.3d at 206; *see also Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "Generally, there is a strong presumption in favor of finding a settlement fair, as the court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzcha v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). "Because *Cheeks* itself did not define the contours of the approval analysis or protocols it envisioned, most district courts within our Circuit turn to the multi-factor test set out in *Wolinsky* to evaluate whether an FLSA wage and hour settlement is fair and reasonable." *Cabrera v. CBS Corp.*, No. 17 Civ. 6011, 2019 US Dist LEXIS 20963, at *13 (S.D.N.Y. Feb. 8, 2019) (internal quotation marks omitted).

Accordingly, in determining whether a proposed FLSA settlement is fair and reasonable, courts consider the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *See Wolinsky*, 900 F. Supp. 2d at 335. Based on these factors, the proposed settlement should be approved as fair and reasonable.

A. <u>Plaintiffs' Range of Possible Recovery</u>

The first factor weighs in favor of approval. Based on estimated damages calculations, Plaintiffs' range of possible recovery was between $0 and $100,544.50. In a best-case scenario, assuming that all of the disputed facts alleged by Plaintiff are entirely correct and that Plaintiff would prevail on all claims, Plaintiff's calculation of damages amounts to $100,544.50, representing $45,272.25 in unpaid wages, $45,272.25 in liquidated damages, and $10,000.00 in statutory damages pursuant to the Wage and Theft Prevention Act ("WTPA"). See **Exhibit B** for Plaintiff's assumptions and calculation of damages.

The $27,500.00 settlement amount is approximately 27% of Plaintiff's best-case, owed wages, including any liquidated damages and statutory penalties. Comparatively, the $27,500.00 settlement amount is nearly 61% of Plaintiff's best-case, owed wages, not including any liquidated damages or statutory penalties. As such, this is a significant recovery based on Plaintiff's best-case scenario.

B. <u>Litigation Costs and Risks</u>

The second and third factors also favor approval. As the parties are still in the early stages of litigation, if the Parties were to continue with litigation, the Parties would have to serve and respond to formal discovery requests, conduct depositions, fully brief Plaintiff's Motion for Conditional Certification of a Collective Action, and engage in other extensive motion practice.

Here, where Defendants are willing to settle for over 60% of Plaintiff's alleged unpaid wages, Plaintiff bears a significant risk that her recovery would be significantly reduced. Defendants maintain that Plaintiff was at all times paid properly for all hours worked and deny all

allegations in the Complaint. Defendants have also provided Plaintiff's wage statements for the majority of the statutory period under the NYLL, which itemizes the tip credit and minimum wage rate. While it is Plaintiff's position that these wage statements are inadequate for the purposes of proper tip credit notice, a factfinder may find that such wage statements demonstrate a good faith effort to compensate employees properly, and as such, Plaintiff would be precluded from recovering any liquidated damages.

Defendants further argue that they believe Plaintiff received sufficient tip credit notice, which if found to be true, would significantly reduce Plaintiff's claims to only her unpaid spread-of-hours claim and time-shaving claim. While Plaintiff is confident that she will ultimately prevail on the tip credit notice claim, the Parties are nonetheless in the early stages of litigation and if Defendants provide proper tip credit notice during the formal discovery period, then Plaintiff's recovery would be reduced. Another risk is Plaintiff's allegation seeking recovery of unpaid wages due to time-shaving. Such a claim relies heavily on deposition testimony, which would require extensive testimony to determine whether Plaintiff was indeed time-shaved, and if so, for how many minutes per workday or how many hours per workweek. Such a determination is costly, requires extensive litigation, and would result in a further reduction of Plaintiff's recovery if a factfinder determines that Plaintiff was not time-shaved or if she were time-shaved for less time than alleged.

For the foregoing reasons, the Parties believe that the settlement amount is fair and reasonable. Plaintiff is able to obtain a significant recovery of her alleged damages without the burden of further litigation and trial. While Defendants deny the allegations in the Complaint, as the parties are still in the preliminary stages of litigation, without having completed formal discovery and depositions, Defendants believe that the settlement is fair and reasonable so as to avoid the anticipated burden and expense of further discovery and the fee-shifting nature of FLSA cases

C. Arm's-Length Bargaining and Lack of Fraud or Collusion

The fourth and fifth factors also weigh in favor of approval. The contemplated settlement in principle is the same that was reached during the parties' E.D.N.Y. mediation on February 2, 2023. Plaintiff's counsel and Defendants' counsel negotiated at arm's length at the E.D.N.Y. mediation. In addition, both parties' counsel have significant experience handling wage and hour claims.

Further, the red-flag issues identified in *Cheeks* are not present here. *Cheeks*, 796 F.3d at 206; *Gurung v. White Way Threading LLC,* 226 F. Supp. 3d 226, 228 (S.D.N.Y. Dec. 8, 2016). The Agreement does not contain an overly broad general release, or a confidentiality or non-disparagement provision. See **Exhibit A**. Counsel for Plaintiff also only seeks attorney's fees of one-third, which is typical of FLSA cases. *Cheeks*, 796 F.3d at 206.

**THE REQUESTED ATTORNEYS' FEES AND COSTS ARE REASONABLE**

Plaintiff further seeks approval of attorneys' fees and costs. In accordance with Plaintiff's contingency-fee basis retainer agreement with Plaintiff's counsel, the Agreement provides that Plaintiff's counsel will recover $9,674.67, equaling (i) $762.00 in reimbursement of costs (i.e., ECF filing fee, service of process, E.D.N.Y. Mediation) and (ii) $8,912.67 in attorneys' fees, which

3

is one-third of the $27,500.00 settlement amount after deduction of the $762.00 in costs. See **Exhibit A**. The amount requested for attorneys' fees is fair and reasonable as it was the fee agreed upon by Plaintiff in their retainer agreement, and a contingency fee of one-third is sufficient to account for the risks associated with representation. "[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007, 2015 U.S. Dist. LEXIS 166890, at *5 (S.D.N.Y. Dec. 14, 2015); *see also Ramirez v. Greenside Corp.*, No. 16 Civ. 726, 2017 U.S. Dist. LEXIS 30527, at *9 (S.D.N.Y. Mar. 3, 2017) (stating "contingency fees of one-third in FLSA cases are routinely approved in this Circuit"); *Leon v. Univ. 45 Fruit & Vegetable Corp.*, No. 19 Civ. 8266, 2020 U.S. Dist. LEXIS 48716, at *5 (S.D.N.Y. Mar. 20, 2020) (finding the amount of the fee award reasonable where "the attorneys' fees amount is approximately 33% of the [ ] settlement amount after costs").

Furthermore, following *Fisher v. S.D. Prot. Inc.,* the Second Circuit has reiterated that "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" 948 F.3d 593, 606-7 (2d Cir. 2020), citing *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)(internal citations omitted). The Court in *Fisher* also held that there is no proportionality limit. *Fisher*, 948 F.3d at 603 ("Neither the text nor the purpose of the FLSA, however, supports imposing a proportionality limit on recoverable attorneys' fees."). Here, Plaintiff's Counsel's request for attorney's fees is fair and reasonable as Plaintiff and Plaintiff's Counsel have contracted for attorney's fees of one-third of the net settlement amount in the retainer and Plaintiff's Counsel has worked without compensation to date. Plaintiff also achieved a 61% recovery of her alleged damages under the FLSA and NYLL, excluding liquidated and statutory damages. While there is no proportionality, Plaintiff's Counsel's requested fees are below that of their lodestar. *See* **Exhibit C**.

As of the date of this filing, Plaintiffs' counsel has spent approximately 89.9 hours investigating, researching, and litigating Plaintiffs' claims, responding to Defendants' counterclaim, producing preliminary discovery for FLSA cases, participating in mediation, preparing Plaintiff's motion for conditional certification of a collective action, and negotiating and executing the settlement, for a lodestar of $35,960.00. See **Exhibit C** for Plaintiff's counsel's contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done, and an itemization of costs. *See Wolinsky*, 900 F. Supp. at 336.

Lastly, Plaintiffs' counsel expended $762 on the ECF filing fee, service of process, and costs for mediation *See* **Exhibit C**. These costs are commonly reimbursed by courts in this District. *See e.g.*, *Chamoro v. 293 3rd Cafe Inc.*, No. 16 Civ. 339, 2016 U.S. Dist. LEXIS 136101, at *9-10 (S.D.N.Y. Sep. 30, 2016) (holding that court filing fees, service of process, costs of mailing, legal research, and other litigation costs are generally recoverable). As such, Plaintiff's counsel's attorneys' fees and costs are fair and reasonable and should be approved by the Court.

\*         \*         \*

For the foregoing reasons, Plaintiff respectfully requests that the Court approve the attached settlement agreement.

We thank the Court for its time and consideration.

Sincerely,

/s/ *Clara Lam*

Clara Lam, Esq.
clam@bkllawyers.com

cc: all parties via ECF